UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JAMES EMORY ARNOLD, Jr.            )
                                   )
v.                                 )   No. 2:13-cv-6
                                   )   *Greer/Inman*
DR. PAUL, SULLIVAN COUNTY          )
DETENTION CENTER, WAYNE            )
ANDERSON, and NURSE PENNY          )

**MEMORANDUM and ORDER**

This *pro se* prisoner has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e) (2) and 1915A).

In his complaint, Plaintiff makes the allegations which follow. In November of 2012, Plaintiff returned to the Sullivan County Detention Center ("SCDC") from the Moccasin Bend Mental Health Institution, where he had undergone a court-ordered evaluation and had been placed on medication. Though Plaintiff is still experiencing the same problems, "the Jail"

refuses to give Plaintiff the medication he had before. Moreover, the jail is overcrowded, contains black mold, and has water standing on the floors due to a leak in the sink. Inmates' outgoing mail is read, no outdoor exercise is afforded them, and the notary public at the jail refuses to help them with their legal work.

For these alleged violations of his rights, Plaintiff would like to pursue this lawsuit as far as possible.

At the outset, the second Defendant, the SCDC, is not a suable entity under § 1983, and thus, the allegations asserted against this Defendant fail to state a claim for relief. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983.") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, the SCDC is **DISMISSED** as a defendant in this action

Next, Sheriff Wayne Anderson has been named as a Defendant, but the complaint contains no allegations connecting him to any wrongdoing whatsoever. It may be that Plaintiff is seeking to impose liability on the Sheriff because he is responsible for furnishing safe housing for inmates at the Sullivan County Detention Center. However, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995).

2

While respondeat superior does not provide a valid basis of liability, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 691; *Rizzo v. Goode*, 423 U.S. 362 (1976), Plaintiff can still hold Defendant Anderson liable so long as he can demonstrate that the Sheriff implicitly authorized, approved, or knowingly acquiesced in any alleged wrongdoing on the part of his subordinates. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). But he cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Because there are no contentions against Defendant Anderson, Plaintiff has failed to state a claim against him and he is **DISMISSED** from this suit.

Relevant to the housing conditions claims is the Cruel and Unusual Punishment provision of the Eighth Amendment, which protects prisoners from the infliction of "unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Punishment" can be extended beyond that which is part of a sentence and can include the conditions under which an inmate is confined; thus conditions of confinement which amount to an "unnecessary and wanton infliction of pain" violate the Eighth Amendment. *Id*. An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

A prison condition will be sufficiently serious so as to satisfy the first component of an Eighth Amendment claim if it denies a plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 347-48 (1981); *Tillery v. Owens*, 907 F.2d 418, (3rd

Cir. 1990) ("Although prisoners are, undeniably, sent to prison as punishment, the prison environment itself may not be so brutal or unhealthy as to be itself a punishment"). However, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). When prison conditions are concerned, an extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate*." Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

To establish deliberate indifference, Plaintiff must plausibly allege that Defendants were aware of facts from which they could infer that he faced a substantial risk of harm and that they actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Even if the Court assumes, without finding, that the complained of conditions amount to the type of grave deprivations which society is unwilling to tolerate, Plaintiff has not asserted that any of the named Defendants were aware of facts which would support an inference that those conditions posed a serious risk of harm and that they actually drew that inference. Thus, Plaintiff has not stated a claim of unconstitutional living conditions and all such contentions are **DISMISSED**.

This leaves for discussion Plaintiff's allegation that he was denied the medication he was prescribed at Moccasin Bend, though he still had the same problems from which he suffered when the medication was prescribed. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison doctors and officials are deliberately indifferent to a prisoner's serious medical needs respectively, "in their response to a prisoner's needs" or by "interfer[ing] with treatment once

4

prescribed." *Estelle*, 429 U.S. at 104-05. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154-55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.").

However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105-06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

It may well be the case, since Plaintiff indicates that he complained to the nurse, that Plaintiff's medical claim is that the medical staff at the Sullivan County Detention Center did not furnish him with the same medication prescribed by the medical staff at Moccasin Bend. If that is Plaintiff's true allegation, then he has no constitutional claim. While Plaintiff may prefer to receive a certain medication for his mental maladies, the Eighth Amendment does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Fisc. v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972) (The Eighth Amendment does not require every request for medical care made by a prisoner to be honored or the courts "to engage in a process of second-guessing in every case the adequacy of medical care that the state provides."). As long as the treatment actually afforded an

5

inmate squares with constitutional standards, he has no right to demand a particular treatment. *Estelle*, 429 U.S. at 106-07; *McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977).

But, it is equally plausible that Plaintiff is claiming that he was not provided with any medication whatsoever to address the problem, which was diagnosed at Moccasin Bend as needing to be treated with medication. Accordingly, the claim may proceed, though it may be shown, as this claim progresses, that what seems plausible actually is not what happened.

The Clerk is **DIRECTED** to send the Plaintiff a service packet (a blank summons and USM 285 form) for each Defendant named in this action. The Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against Defendants.

The Plaintiff is **ORDERED** to inform the Court in writing, and the Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

Finally, because Plaintiff is an inmate in the Sullivan County Detention Facility, he is **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit

to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Sullivan County to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE